# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN RAY HOLMES,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES BACA, *et al.*,<br><br>    Respondents. | 3:12-cv-00572-LRH-VPC<br><br>**ORDER** |

Kevin Ray Holmes, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #1-1). His application to proceed *in forma pauperis* (ECF #1) is granted. It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner's judgment of conviction was entered on December 2, 1999. Apparently, the judgment of conviction was affirmed on direct appeal on May 12, 2001. He states in his federal petition that on April 26, 2002, he filed a post-conviction petition for writ of habeas corpus with the state district court and that the Nevada Supreme Court decided the appeal from the state

petition on January 2, 2004 (*see* ECF #1-1 at 1). The instant federal habeas petition was mailed to the court or handed to a corrections officer for mailing on October 23, 2012, far beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

DATED this 19th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2