**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN RAY HOLMES,                )
                                 )
        Petitioner,              )   3:12-cv-00572-LRH-VPC
                                 )
vs.                              )   **ORDER**
                                 )
JAMES BACA, *et al.*,            )
                                 )
        Respondents.            )
_____/

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On November 20, 2012, the court issued an order directing petitioner to show cause and file such proof as he may have to demonstrate either that the petition is timely or that he is entitled to equitable tolling of the one-year limitations period (ECF #3). Before the court is petitioner's response to that order (ECF #4).

       First, petitioner argues that he has not filed a new federal habeas petition but a motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (*see* ECF #4). More than thirteen years after his judgment of conviction was entered, petitioner apparently challenges the validity of the State of Nevada's charging documents (*id*. at 3). Moreover, he argues that no coroner's inquest to "establish probable cause in cases of death" [of the victim] was ever held (*id*. at 4-5). "This petition was a means of bringing this claim from the state court, to this court, for review and F.R.C.P. Rule 60(b) allows for this" (*id*. at 6). "Petitioner is currently being held on a judgment of conviction that is not correct" (*id*. at 12). This court disagrees with petitioner that this action is something other than a habeas petition. Petitioner clearly seeks to challenge–again–the legality of his custody. Thus, his

1 sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). The court has properly construed this filing as a petition for a writ of habeas corpus.

Next, petitioner attached several exhibits to his response that demonstrate that this is not his first federal habeas petition challenging this judgment of conviction. He included a copy of the order denying his previous federal habeas petition as well as the Ninth Circuit Court of Appeals Memorandum affirming the denial (*Holmes v. Helling*, 3:04-00098-PMP-VPC, portions of which petitioner includes at ECF #4-1 at 39-55). However, 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeals to pursue. *See* 28 U.S.C. § 2244(b)(3) et seq. The petitioner has not presented this court with proof that he has obtained leave to file a successive petition from the Court of Appeals. Accordingly, petitioner has thirty (30) days from the date of entry of this order to show cause and file such proof as he has to demonstrate that he has obtained the leave of the Ninth Circuit to pursue this petition.

Finally, petitioner has attached as an exhibit to his response to the first show-cause order that purportedly is a copy of the Ninth Circuit Court of Appeals' decision in his appeal of the denial of his first federal petition, in *Holmes v. Helling*, *et al.*, 3:04-cv-00098-PMP-VPC. Specifically, petitioner purportedly attaches the Memorandum Opinion of the Ninth Circuit Court of Appeals, filed October 31, 2007, in Appeal No. 07-15184 (ECF #4-1 at 50-55, attached as Exhibit A to this order). However, it appears that the document submitted by petitioner has been altered. The Ninth Circuit affirmed the district court, and thus its order concluded with "AFFIRMED." (3:04-cv-00098-PMP-VPC, ECF #46, attached as Exhibit B to this order, at 5). But the document submitted by petitioner concludes with "AFFIRMED in part. REVERSED in part." (Ex. A at 55). In addition, a sentence appears to have been added to the end of the sixth paragraph of the order: "We thus reverse the district court to the extent that it held that Holmes had exhausted his "bad acts" claim on direct appeal." (Ex. A at 54). Needless to say, this sentence does not appear in the Ninth Circuit Memorandum (*see* Ex. B at 4). Such alteration

2

of an official order of the Ninth Circuit Court of Appeals clearly runs afoul of a party's obligations under Rule 11 of the Federal Rules of Civil Procedure and will certainly not be tolerated by this court. *See* FRCP 11(b). **Accordingly, within thirty (30) days petitioner shall explain this apparent alteration to the court's satisfaction, and sanctions, up to and including the dismissal of this action, may result.**

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that he has obtained the leave of the Ninth Circuit Court of Appeals to pursue this petition.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has obtained such leave, the court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order petitioner shall explain the apparently altered document that he submitted. (Ex. A).

DATED this 13th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

EXHIBIT A

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN RAY HOLMES, | No. 07-15184 |
| Petitioner - Appellant, | D.C. No. CV-04-00098-PMP |
| v. | |
| DON HELLING; et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 16, 2007
San Francisco, California

Before: TROTT and N.R. SMITH, Circuit Judges, and SHADUR**, Senior Judge.

Kevin Holmes, a Nevada state prisoner, appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Milton I. Shadur, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

Appendix L

murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm in part and reverse in part.

We review de novo the district court's denial of a habeas corpus petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir. 2007). Under AEDPA, a habeas petition may be granted only if the state court's decision was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton*, 493 F.3d 1083, 1086 (9th Cir. 2007); 28 U.S.C. § 2254(d)(1). We look to the last reasoned state-court decision to determine whether that decision was contrary to, or unreasonably applied, clearly established federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Nevada Supreme Court's holding that the jury's general verdict did not violate Holmes's due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law. Generally, a jury does not have to be unanimous in its theory of murder as long as it is unanimous in its verdict of murder. *Schad v. Arizona*, 501 U.S. 624, 630-45 (1991). Notwithstanding *Jackson v. Virginia*, 443 U.S. 307 (1979), a general verdict need not be set aside "merely on

2

*Appendix L*

the chance . . . that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient." *Griffin v. United States*, 502 U.S. 46, 59-60 (1991) (citing *United States v. Townsend*, 924 F.2d 1385, 1414 (1991)).

Although a Nevada justice of the peace declined to bind Holmes over on felony robbery charges, there is no clearly established federal law that precludes a state from charging a defendant with felony murder if the state does not charge the defendant with the underlying felony. Holmes does not argue that there was insufficient evidence on which the jury could have convicted him of premeditated murder, and the record, in fact, contains sufficient evidence on which the jury could have convicted Holmes of either premeditated or felony murder. Lastly, Nevada law did not preclude Nevada from charging Holmes with felony murder without also charging him with felony robbery. Thus, the Nevada Supreme Court's decision on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. *See id.*; *see also Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (holding that a state deprives a defendant of his due process rights when the state disregards the defendant's "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion").

Appendix L

The out-of-court statement to which Holmes objects was not offered to prove the truth of the matter asserted in the statement. Thus, the Nevada Supreme Court's determination that the statement was admissible non-hearsay was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Ohio v. Roberts*, 448 U.S. 56, 62 n.4 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36 (2004) (defining hearsay as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-course asserter"); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) ("clearly established Federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision").

We are barred from addressing the merits of Holmes's prior "bad acts" claim because the Nevada Supreme Court held that, under Nevada law, Holmes failed to raise the those claims on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (noting that if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal courts are barred from addressing the claims as well). Here, the record indicates that Holmes did not raise his federal "bad acts" claim in either his first or

4

*Appendix L*

second direct appeal. *See Gray v. Netherland*, 518 U.S. 152, 163-64 (1996) (noting that a petitioner does not "fairly" present his federal claim to a state court by merely making "a general appeal to a constitutional guarantee as broad as due process" or by citing a case in which a defendant alleged a "broad federal due process right"). Additionally, Holmes did not show cause for his failure to raise his federal claim on direct appeal. *See Coleman*, 501 U.S. at 750 (noting that if the state judgment rests on independent and adequate state procedural grounds, a federal court will review a petitioner's claim only if "the prisoner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice") (emphasis added). We thus reverse the district court to the extent that it held that Holmes had exhausted his "bad acts" claim on direct appeal.

Holmes's counsel's performance was not outside the "wide range of professionally competent assistance." *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). The record indicates that two of the three instances of prior "bad acts" testimony, to which Holmes claims his counsel should have objected, were admissible and the district court immediately struck the third instance from the record and admonished the jury to disregard it. Nothing in the record supports the

5



Appendix L

alibi information Holmes claims his counsel should have investigated. Further, Holmes cannot show that "but for" counsel's alleged errors, "the result of the proceeding would have been different." *Id.* at 694. Thus, the Nevada Supreme Court's determination that Holmes did not receive ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, clearly established federal law. *Id.* at 687-94 (holding that a defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced by reason of counsel's actions).

Although the district court certified for appeal Holmes's claim that his right to a fair trial under the Sixth Amendment was violated because there was insufficient evidence to convict him of felony murder, Holmes waived this issue by failing to argue it in his opening brief. *See United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001).

AFFIRMED in part. and REVERSED in part.

Appendix L

# EXHIBIT B

# EXHIBIT B

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED OCT 31 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOV 26

CLERK'S DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

| | |
|---|---|
| KEVIN RAY HOLMES,<br><br>Petitioner - Appellant,<br><br>v.<br><br>DON HELLING; et al.,<br><br>Respondents - Appellees. | No. 07-15184<br><br>D.C. No. CV-04-00098-PMP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 16, 2007
San Francisco, California

Before: TROTT and N.R. SMITH, Circuit Judges, and SHADUR**, Senior Judge.

Kevin Holmes, a Nevada state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

We review de novo the district court's denial of a habeas corpus petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir. 2007). Under AEDPA, a habeas petition may be granted only if the state court's decision was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Schroeder v. Tilton*, 493 F.3d 1083, 1086 (9th Cir. 2007); 28 U.S.C. § 2254(d)(1). We look to the last reasoned state-court decision to determine whether that decision was contrary to, or unreasonably applied, clearly established federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Nevada Supreme Court's holding that the jury's general verdict did not violate Holmes's due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law. Generally, a jury does not have to be unanimous in its theory of murder as long as it is unanimous in its verdict of murder. *Schad v. Arizona*, 501 U.S. 624, 630-45 (1991). Notwithstanding *Jackson v. Virginia*, 443 U.S. 307 (1979), a general verdict need not be set aside "merely on the chance . . . that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which

2

the evidence was sufficient." *Griffin v. United States*, 502 U.S. 46, 59-60 (1991) (citing *United States v. Townsend*, 924 F.2d 1385, 1414 (1991)).

Although a Nevada justice of the peace declined to bind Holmes over on felony robbery charges, there is no clearly established federal law that precludes a state from charging a defendant with felony murder if the state does not charge the defendant with the underlying felony. Holmes does not argue that there was insufficient evidence on which the jury could have convicted him of premeditated murder, and the record, in fact, contains sufficient evidence on which the jury could have convicted Holmes of either premeditated or felony murder. Lastly, Nevada law did not preclude Nevada from charging Holmes with felony murder without also charging him with felony robbery. Thus, the Nevada Supreme Court's decision on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law. *See id.*; *see also Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (holding that a state deprives a defendant of his due process rights when the state disregards the defendant's "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion").

The out-of-court statement to which Holmes objects was not offered to prove the truth of the matter asserted in the statement. Thus, the Nevada Supreme

3

Court's determination that the statement was admissible non-hearsay was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Ohio v. Roberts*, 448 U.S. 56, 62 n.4 (1980), *abrogated by Crawford v. Washington*, 541 U.S. 36 (2004) (defining hearsay as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-course asserter"); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) ("clearly established Federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision").

We are barred from addressing the merits of Holmes's prior "bad acts" claim because the Nevada Supreme Court held that, under Nevada law, Holmes failed to raise the those claims on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (noting that if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal courts are barred from addressing the claims as well). Here, the record indicates that Holmes did not raise his federal "bad acts" claim in either his first or second direct appeal. *See Gray v. Netherland*, 518 U.S. 152, 163-64 (1996) (noting that a petitioner does not "fairly" present his federal claim to a state

4

court by merely making "a general appeal to a constitutional guarantee as broad as due process" or by citing a case in which a defendant alleged a "broad federal due process right"). Additionally, Holmes did not show cause for his failure to raise his federal claim on direct appeal. *See Coleman*, 501 U.S. at 750 (noting that if the state judgment rests on independent and adequate state procedural grounds, a federal court will review a petitioner's claim only if "the prisoner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice") (emphasis added).

Holmes's counsel's performance was not outside the "wide range of professionally competent assistance." *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). The record indicates that two of the three instances of prior "bad acts" testimony, to which Holmes claims his counsel should have objected, were admissible and the district court immediately struck the third instance from the record and admonished the jury to disregard it. Nothing in the record supports the alibi information Holmes claims his counsel should have investigated. Further, Holmes cannot show that "but for" counsel's alleged errors, "the result of the proceeding would have been different." *Id.* at 694. Thus, the Nevada Supreme Court's determination that Holmes did not receive ineffective assistance of

5

counsel was neither contrary to, nor an unreasonable application of, clearly established federal law. *Id.* at 687-94 (holding that a defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced by reason of counsel's actions).

Although the district court certified for appeal Holmes's claim that his right to a fair trial under the Sixth Amendment was violated because there was insufficient evidence to convict him of felony murder, Holmes waived this issue by failing to argue it in his opening brief. *See United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001).

AFFIRMED.

INTERNAL USE ONLY: Proceedings include all events.
07-15184 Holmes v. Helling, et al

KEVIN RAY HOLMES
    Petitioner - Appellant

Lori C. Teicher, Esq.
FAX 702/388-6419
702/388-6577
Ste. 250
[COR LD NTC afp]
FPDNV - FEDERAL PUBLIC
DEFENDER'S OFFICE (LAS VEGAS)
411 E. Bonneville Ave.
Las Vegas, NV 89101

v.

DON HELLING
    Respondent - Appellee

Victor Hugo Schulze, II, Esq.
FAX 702/486-3768
702/486-3420
Ste. 3900
[COR LD NTC dag]
AGNV - OFFICE OF THE NEVADA
ATTORNEY GENERAL (LAS VEGAS)
555 E. Washington Ave.
Las Vegas, NV 89101

NEVADA ATTORNEY GENERAL
    Respondent - Appellee

Victor Hugo Schulze, II, Esq.
(See above)
[COR LD NTC dag]