**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN RAY HOLMES,  )
        Petitioner,  )  3:12-cv-00572-LRH-VPC
        )
vs.  )  **ORDER**
        )
JAMES BACA, *et al.*,  )
        Respondents.  )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

The petition in the instant action challenges petitioner's state conviction in case number 95C129708. Petitioner previously challenged this same conviction in this court, filed under case number 3:04-cv-00098-PMP-VPC. The petition in case number 3:04-cv-00098-PMP-VPC was reviewed on the merits and denied by order filed January 4, 2007 (ECF #35), and judgment was entered (ECF #36). Petitioner appealed (ECF # 37). By order filed November 26, 2007, the United States Court of Appeals for the Ninth Circuit affirmed the denial of the habeas petition (ECF #46).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq.* In the prior habeas case in which petitioner challenged his conviction (case number 3:04-cv-00098-PMP-VPC), the court reviewed the merits of the petition and denied the petition.

Because the prior habeas corpus petition was decided on the merits, the instant habeas petition is a successive petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

On April 15, 2013, the court issued an order in the instant case directing that petitioner present this court with proof that he has actually obtained leave to file a successive petition from the Ninth Circuit Court of Appeals (ECF #7). Petitioner filed a response to the order (ECF #8) and an affidavit (ECF #9) on May 13, 2013. However, petitioner merely argues again that he has not filed a new federal habeas petition but a motion for relief from judgment pursuant to Rule 60(b)(4) (*see* ECF #7). As the court explained in its previous order, because petitioner clearly seeks to challenge–again–the legality of his custody, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). The court has properly construed this action as a petition for a writ of habeas corpus. Petitioner has failed to present proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals, and therefore, the instant petition will be dismissed as successive.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

DATED this 24th day of June, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE